AO91 (Rev. 5/93 ND/AL) Criminal Complaint

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

## CRIMINAL COMPLAINT

UNITED STATES OF AMERICA

v.                                    CASE NUMBER: MAG 13-277

**JONATHAN IAN BROOKS,**
**defendant**

I, Mark A. Scully, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### Count One

Between on or about the 1st day of May 2013 and including on or about 2nd day of July 2013, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant,

**JONATHAN IAN BROOKS,**

who was born on or about 1977, while using a facility and means of interstate commerce, to wit: the internet and a telephone, did knowingly attempt to persuade, induce, and entice an individual, known to the defendant as a 12 year old male, who had not obtained the age of 18 years to engage in sexual activity for which the defendant can be charged with a criminal offense, to wit: Sodomy in the Second Degree (Ala. Code § 13A-6-64); Sexual Abuse in the Second Degree (Ala. Code § 13A-6-67), in violation of Title 18, United States Code, Section 2422(b).

I further state that I am a Special Agent with the Federal Bureau of Investigation (FBI) and that this complaint is based on the facts set forth in the affidavit, which is attached hereto and incorporated herein by reference.

See Attachment "A"

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

July 3, 2013                          at        Birmingham, Alabama
Date                                            City and State

MADELINE H. HAIKALA                   _____
United States Magistrate Judge        Signature of MADELINE H. HAIKALA
Name and Title of Judicial Officer

ATTACHMENT A

AFFIDAVIT

I, Mark A. Scully, after being duly sworn in due form of law, depose and say that:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). I have been an agent for four years. I am currently assigned to the field office in Birmingham, Alabama, and am assigned to the Violent Crimes/Major Offenders squad. Additionally, I am responsible for conducting federal and international investigations relating to crimes involving the sexual exploitation of children. I am a graduate of the FBI Academy in Quantico, Virginia and have received basic and on-the-job training in the investigation of cases involving the sexual exploitation of children.

2. This affidavit is made in support of a criminal complaint for Jonathan Ian Brooks, the defendant. The defendant is a native and citizen of the United States, born in or about April 25, 1977, social security number xxx-xx- 0662.

3. On or about the 26th day of June 2013, FBI Birmingham met with an individual, who will be referred to as M.A., and his attorney, Michael Tewalt. M.A. described text messages he previously exchanged with the defendant. M.A. also provided agents with the telephone containing the actual text messages. Excerpts of the text messages exchanged between M.A. and the defendant are included below:

4. On or about the 16th day of May 2013, M.A. asked the defendant, "U have any young boy pix or vids". The defendant responded, "Yep". And then later indicated one of the videos depicted "…two 11-12 year olds sucking each others lil cocks".

5. On or about the 16th day of May 2013, M.A. asked the defendant, "…whats the youngest u have had or would be with". The defendant indicated within a text message "14 so far. Def want younger".

6. On or about the 16th day of May 2013, the defendant indicated within a text message, "I'd fuck a toddler given the chance. U?"

7. On or about the 16th day of May 2013, the defendant indicated within a text message "I'd love to find a hot dad with a young little boy or boys and molest the fuck out of them. I want to eat little boy shit. Drink little boy piss. Stretch his hole so wide I can get my fist in. And fist him until he's bloody. And shove my cock down his throat until he pukes. All while dad watches and joins in".

8. On or about the 16th day of May 2013, the defendant indicated within a text message "You got any nephews you can 'baby sit?'"

9. On or about the 26th day of June 2013, an undercover law enforcement officer assumed M.A.'s online identity and began communicating with the defendant via text message. Excerpts of the text messages exchanged between the undercover officer and the defendant are included below:

10. On or about the 26th day of June 2013, the undercover officer advised the defendant via text message "Got me a hot dad and son", and that "Dads around 37. Son is about to be 13." The defendant responded "Cool. I wanna join! I'd leave work immediately to".

11. On or about the 26th day of June 2013, the defendant indicated within a text message "Well what kind of experience does the kid have?" and later, "Well I'd love to eat his ass. Suck his cock. I'd love to drink his piss. And if only he'd shit in my mouth I'd be complete!"

12. On or about the 28th day of June 2013, the undercover officer informed the defendant that a meeting with the father and the 12 year-old boy had been arranged for July 2, 2013. The defendant indicated within a text message, "Yeah Tuesday should be good as long as its after six."

13. On or about the 30th day of June 2013, the undercover officer sent a text message to the defendant making plans to meet at Waffle House. The defendant indicated within a text message, "Yeah…".

14. On or about the 1st day of July 2013, the defendant indicated within a text message in regards to meeting a minor male child for sexual activity, "We still on for tomorrow night?"

15. On or about the 2nd day of July 2013, the defendant arrived at a parking lot adjacent to the aforementioned Waffle House for the scheduled meeting, driving a white 2006 Chrysler PT Cruiser registered to the defendant.

16. After being arrested, a positive identification of the defendant was made when agents located his Driver's License on his person. The defendant was mirandized, and voluntarily agreed to speak to law enforcement.

17. The defendant was subsequently interviewed and admitted that he had arrived at the parking lot expecting to meet with M.A., and that M.A. was going to take him to meet a father and son, who was 12 years old, to have sex. When agents asked who was going to have sex, the defendant indicated that all four were going to have sex together, including the 12 year old male child.

18. Pursuant to the aforementioned facts, the defendant did use a facility and means of interstate and foreign commerce, that is the internet and a cellular telephone, to attempt to persuade, induce, and entice an individual, known to the defendant as a 12 year old male, who had not obtained the age of 18 years to engage in sexual activity for which the defendant can be charged with a criminal offense, such as: Sodomy in the Second Degree (Ala. Code § 13A-6-64); and, Sexual Abuse in the Second Degree (Ala. Code § 13A-6-67), in violation of Title 18, United States Code, Section 2422(b). As a matter of law, if the defendant had engaged in the aforementioned sexual activity, the defendant could be charged with violating the Sodomy and Sexual Abuse statutes under the laws of the State of Alabama.

_____
Mark A. Scully
Special Agent
Federal Bureau of Investigation


SUBSCRIBED and SWORN before me this 3rd day of July 2013.

_____
MADELINE H. HAIKALA
UNITED STATES MAGISTRATE JUDGE